■ IMRE MULLER et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant, and BRITISH AIRWAYS et al., Respondents. [722 NYS2d 40] —In an action, *inter alia*, to recover damages for negligence, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated December 13, 1999, as granted the respective motions of the defendants British Airways and Command Security Corporation, d/b/a Aviation Safeguards, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs arrived at John F. Kennedy Airport to board a flight to Germany on the defendant British Airways. Before they were permitted to enter the terminal, the plaintiffs were obliged to pass through a security checkpoint manned by employees of the defendant Command Security Corporation, d/b/a Aviation Safeguards (hereinafter Aviation Safeguards). Aviation Safeguards was hired by British Airways to perform security checks. As part of the security measures, all passenger baggage was X-rayed. The plaintiffs allege that several pieces of their carry-on luggage were stolen after passing through the X-ray machine, one of which contained jewelry of considerable value. They commenced this action to recover damages, *inter alia*, arising from negligence. After issue was joined, British Airways and Aviation Safeguards (hereinafter the respondents), separately moved for summary judgment dismissing the complaint insofar as asserted against them. The respondents argued that the plaintiffs' exclusive remedies were those provided by the Warsaw Convention (49 USC § 40105, 49 US Stat 3000 TS 876) and that, accordingly, New York was not a proper forum. The Supreme Court granted summary judgment to the respondents. We affirm.

Contrary to the plaintiffs' contention, they were in the process of "embarking" within the meaning of article 17 of the Warsaw Convention at the time of their alleged loss (*see, Day v Trans World Airlines,* 528 F2d 31; *Maugnie v Compagnie Nationale Air France,* 549 F2d 1256, *cert denied* 431 US 974; *Baker v Lansdell Protective Agency,* 590 F Supp 165). Thus, the Warsaw Convention is their exclusive remedy against the respondents (*see, Baker v Lansdell Protective Agency, supra*; *see also, El Al Israel Airlines v Tsui Yuan Tseng,* 525 US 155; *Kabbani v International Total Servs.,* 805 F Supp 1033). Accordingly, since New York is not one of the enumerated forums under the Warsaw Convention, this action was properly dismissed insofar

as asserted against the respondents *(see,* 49 USC § 40105, 49 US Stat 3000 TS 876, art 28 [1]). Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.